JOHN W. HUBER, United States Attorney (#7226)
VERNON STEJSKAL, Assistant United States Attorney (#8434)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: Michael.Gadd@usdoj.gov

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

JUN 07 2018

BY D. MARK JONES, CLERK
_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00631-DAK |
|---|---|
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT |
| vs. | |
| SEAN MICHAEL GYGI, | Judge Dale A. Kimball |
| Defendant. | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States, I intend to plead guilty to Counts 2, 3, 6, and 12 of the Superseding Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me. The elements of Count 2, CONSPIRACY TO DISTRIBUTE FENTANYL, are:

First: two or more persons agreed to violate the federal drug laws;
Second: the defendant knew the essential objective of the conspiracy;
Third: the defendant knowingly and voluntarily involved himself in the conspiracy;
Fourth: there was interdependence among the members of the conspiracy; and
Fifth: the overall scope of the conspiracy involved at least 400 grams of Fentanyl.

The elements of Count 3, CONSPIRACY TO DISTRIBUTE ALPRAZOLAM, are:

First: two or more persons agreed to violate the federal drug laws;
Second: the defendant knew the essential objective of the conspiracy;
Third: the defendant knowingly and voluntarily involved himself in the conspiracy; and
Fourth: there was interdependence among the members of the conspiracy.

The elements of Count 6, AIDING AND ABETTING THE IMPORTATION OF A CONTROLLED SUBSTANCE, are:

First: the defendant brought Fentanyl into the United States from a place outside the United States;
Second: the defendant knew the substance he was bringing into the United States was a controlled substance;
Third: the defendant knew that the substance would enter the United States; and
Fourth: the quantity of the substance was at least 40 grams of a mixture or substance containing a detectable amount of Fentanyl.

The elements of Count 12, USE OF THE U.S. MAIL IN FURTHERANCE OF A DRUG TRAFFICKING OFFENSE, are:

First: the defendant knowingly used the U.S. Mail; and
Second: the defendant acted with the intent to commit, cause or facilitate the commission of a drug felony, namely Distribution of a Controlled Substance.

2. I know that the maximum possible penalty provided by law, in addition to any applicable forfeiture, for the following counts of the Superseding Indictment are as follows:

| Count | Maximum Sentence | Mandatory Minimum Sentence | Maximum Fine | Maximum Term of Supervised Release |
|---|---|---|---|---|
| Count 2, CONSPIRACY TO DISTRIBUTE FENTANYL | Life | 10 years | $10 million | At least 5 years |
| Count 3, CONSPIRACY TO DISTRIBUTE ALPRAZOLAM | 5 years | none | $250,000 | 1 year |
| Count 6, AIDING AND ABETTING THE IMPORTATION OF A CONTROLLED SUBSTANCE | 40 years | 5 years | $5 million | At least 4 years |

| Count 12, USE OF THE US MAIL IN FURTHERANCE OF A DRUG TRAFFICKING OFFENSE | 4 years | none | $250,000 | 3 years |

  a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

  b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

  3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

  4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

  5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

  6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

  a. I have a right to the assistance of counsel at every stage of the proceeding.

  b. I have a right to see and observe the witnesses who testify against me.

  c. My attorney can cross-examine all witnesses who testify against me.

  d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

  e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

  f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

g. The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

h. It requires a unanimous verdict of a jury to convict me.

i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

In 2015, I agreed with Aaron Shamo and other co-conspirators to accept packages of drugs addressed to me at my address. I would then transfer the drug packages to Shamo. Shamo paid me for each package I accepted on his behalf. I continued to accept packages on Shamo's behalf in 2016.

On November 17, 2016, one of these packages—sent from China and addressed to me at my address—was seized by law enforcement after it entered the United States Mail system. The package contained more than 40 grams of Fentanyl. I knew the packages I had been receiving contained controlled substances. I also knew that the packages would enter the United States—they were being shipped to me from China.

In 2016, I became a runner for Shamo's organization. Approximately five nights a week, I would drive to the residence of Tonge and Bustin and pick up packages and envelopes (all in the District of Utah) that were ready to be mailed in the US Postal system. The packages and envelopes contained drugs. I would then drop off the packages and envelopes at post offices scattered throughout the Salt Lake Valley. I staggered the post offices from which I sent the packages in an attempt to avoid detection by law

4

enforcement. The packages I mailed contained both Fentanyl-laced pills and alprazolam tablets. I continued to ship packages and envelopes of drugs for the Shamo organization until November 2016.

My co-conspirators and I each had a role to play and we relied upon each other to meet our common objective: to earn money by selling drugs. I knowingly and voluntarily involved myself with Shamo and my other co-conspirators. It was my free choice to do so.

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

 a. **Guilty Plea.** I will plead guilty to Counts 2, 3, 6, and 12 of the Superseding Indictment.

 b. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court may take these facts into consideration in sentencing.

 c. **Acceptance of Responsibility.** The government agrees to recommend that my offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offenses, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines. In addition, the government agrees to move for an additional one-level reduction in the offense level, in accordance with Sentencing Guideline § 3E1.1(b), if I qualify for a two-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

 d. **Appeal Waiver.**

  (1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.

(2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

(3) I also knowingly, voluntarily, and expressly waive my right to challenge the constitutionality of the statutes to which I am pleading guilty and that my admitted conduct does not fall with the scope of those statutes, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

(4) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

(5) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

e. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

f. **Forfeiture.**

(1) I agree to forfeit all property acquired from or traceable to my offenses and all property that was used to facilitate my offenses, including, but not limited to, the following specific property:

## CURRENCY

- $1,227,773.00 in United States Currency

- $19,520.00 in United States Currency

- $429,600.00 in United States Currency

- $5,357,950.38 in United States Currency, the proceeds of the sale of 513.15 Bitcoin
- 512.93 Bitcoin Cash (BCH)
- 513.15 Bitcoin Gold (BTG)
- 513.15 SegWit2x (B2X)

## AUTOMOBILES

- A 2011 Ford F-350 pickup, VIN#1FT8W3BT7BEC88017
- A 2008 BMW 135i, VIN#WBAUC73508VF25535

## MISCELLANEOUS

- The pill press seized from the garage at Aaron SHAMO's residence on Titian Way.

    Here is a photo:

    

- Associated pill dyes and stamps
- Four 100-ounce silver bars

    (2)    I acknowledge that all property covered by this agreement is subject to forfeiture because it represents the proceeds of illegal conduct or helped facilitate illegal conduct.

    (3)    I agree that all such property may be forfeited in either an administrative, civil and/or criminal judicial proceeding. I agree that I will not make a claim to the property or otherwise oppose forfeiture in any such proceedings, and I will not help anyone else do so. If I have already made such a claim, I hereby withdraw it. I further agree that I will sign any necessary documents to ensure that clear title to the

forfeited assets passes to the United States, and that I will testify truthfully in any judicial forfeiture proceeding. In addition, I agree that I will not make any claim to property forfeited by any other defendant in this case.

(4) I hereby waive any claims I may have against the United States regarding the seizure and forfeiture of the property covered by this agreement.

(5) I hereby waive the requirements regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(6) I hereby waive any constitutional or statutory challenges to the forfeiture covered by this agreement, including that the forfeiture is an excessive fine or punishment.

(7) I hereby additionally agree to forfeit to the United States Attorney General all or any part of proceeds received or to be received by me, or a transferee of me, from a contract relating to a depiction of my offenses in a movie, book, newspaper, magazine, radio, internet or television production, or live entertainment of any kind, or an expression of my thoughts, opinions, or emotions regarding my offenses.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\* \* \* \*

I make the following representations to the Court:

1. I am _28_ years of age. My education consists of _College_. I _CAN_ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the government has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 7th day of June, 2018

_____
SEAN MICHAEL GYGI
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 7th day of June, 2018

_____
BRETT L. TOLMAN
ERIC G. BENSON
Attorneys for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 7th day of June, 2018

                                                JOHN W. HUBER
                                                United States Attorney

                                                _____
                                                MICHAEL GADD
                                                Special Assistant United States Attorney